# EXHIBIT A

**14SL-CC00888**　　**DENNIS SHAFFER V REES MASILIONIS TURLEY ARCH LLC**　　**Security Level: 1 Public**

| | | | |
|---|---|---|---|
| Case Type: | CC Other Tort | Case Filing Date: | 19-Mar-2014 |
| Status: | Pet Filed in Circuit Ct | | |
| Disposition: | | Disposition Date: | |

Release/Status Reason
 Change Date

Judge　　　　　　　　　MICHAEL D BURTON (35190)
Plaintiff　　　　　　　　**DENNIS SHAFFER (@692933)**
　Attorney for Plaintiff　　ANTHONY M PEZZANI(52900)
Defendant　　　　　　　REES MASILIONIS TURLEY ARCHITECTURE LLC (@702422)

| Filing Date | Description | |
|---|---|---|
| 19-Mar-2014 | **Judge Assigned** <br> DIV 16 | POWELLDL |
| | **Pet Filed in Circuit Ct** | POWELLDL |
| | **Confid Filing Info Sheet Filed** | POWELLDL |
| 07-Apr-2014 | **Summons Issued-Circuit** <br> Document ID: 14-SMCC-3448, for REES MASILIONIS TURLEY ARCHITECTURE LLC. <br> MAILED TO ATTORNEY <br> Service/Attempt Date: 25-Apr-2014 | MCGEECHN |
| 05-May-2014 | **Agent Served** <br> Document ID - 14-SMCC-3448;   Served To - REES MASILIONIS TURLEY ARCHITECTURE LLC;   Server - ;   Served Date - 25-APR-14;   Served Time - 00:00:00;   Service Type - Sheriff Department;   Reason Description - Served | DEICHMMH |
| 16-May-2014 | **Case Mgmt Conf Scheduled** <br> Scheduled For: 26-Jun-2014; 9:15 AM; MICHAEL D BURTON; Setting: 0; St Louis County | CHAPPIJL |
| | **Correspondence Sent** <br> Copy of Notices Filed and Mailed This Day to the Parties of Record. | CHAPPIJL |

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
7900 CARONDELET AVENUE
CLAYTON, MISSOURI 63105-1766

SPECIAL NEEDS: If you have special needs addressed by the American With Disabilities Act, please notify the Circuit Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY 314/615-4567, at least three business days in advance of the court proceeding.

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 14SL-CC00888
DENNIS SHAFFER
VS

COURT DATE: JUNE 26, 2014
COURT TIME: 09:15 AM
DIVISION: DIV16

REES MASILIONIS TURLEY ARCHITECTURE LLC

THE ABOVE STYLED CASE IS SET FOR A CASE MANAGEMENT CONFERENCE AT THE DATE, TIME AND DIVISION INDICATED ABOVE. YOU MUST APPEAR AT THE CONFERENCE. FAILURE TO APPEAR WILL RESULT IN THE COURT'S DESIGNATION OF THE DISCOVERY SCHEDULE AND MAY RESULT IN SANCTIONS OR THE CASE BEING DISMISSED.

JOAN M. GILMER, CIRCUIT CLERK
May 16, 2014



14SL-CC00888    DIV16
REES MASILIONIS TURLEY ARCHITECTURE LLC
4310 MADISON AVE SUITE 200
KANSAS CITY, MO 64111

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
7900 CARONDELET AVENUE
CLAYTON, MISSOURI 63105-1766

SPECIAL NEEDS: If you have special needs addressed by the American With Disabilities Act, please notify the Circuit Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY 314/615-4567, at least three business days in advance of the court proceeding.

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 14SL-CC00888
DENNIS SHAFFER
VS

COURT DATE: JUNE 26, 2014
COURT TIME: 09:15 AM
DIVISION: DIV16

REES MASILIONIS TURLEY ARCHITECTURE LLC

THE ABOVE STYLED CASE IS SET FOR A CASE MANAGEMENT CONFERENCE AT THE DATE, TIME AND DIVISION INDICATED ABOVE. YOU MUST APPEAR AT THE CONFERENCE. FAILURE TO APPEAR WILL RESULT IN THE COURT'S DESIGNATION OF THE DISCOVERY SCHEDULE AND MAY RESULT IN SANCTIONS OR THE CASE BEING DISMISSED.

JOAN M. GILMER, CIRCUIT CLERK
May 16, 2014



14SL-CC00888    DIV16
ANTHONY M PEZZANI
13321 NORTH OUTER FORTY RD STE. 300
CHESTERFIELD, MO 63017

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2014 MAY -5 PM 3: 37

JOAN M. GILMER
CIRCUIT CLERK

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

Dennis Shaffer, )
                 )    Cause No. 14SL-CC00880
    Plaintiff, )
                 )    Div. 16
vs. )
                 )
Rees Masilionis Turley Architecture, LLC, )
                 )
    Defendant. )

## FILING RETURN OF SERVICE

Comes Now Plaintiff, Dennis Shaffer, by and through counsel, and hereby files the Return of Service of Summons of the Circuit Court of Jackson County Legal Department - Unit of Service and Judgment Enforcement, reflecting service on Defendant by serving Defendant's Registered Agent on April 25, 2014.

ENGELMEYER & PEZZANI, LLC

by: _____
Anthony M. Pezzani, #52900
*tony@epfirm.com*
13321 North Outer Forty, #300
Chesterfield, MO 63017
Phone: 636-532-9933
Fax: 314-863-7793
ATTORNEY FOR PLAINTIFF



IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

5/7
997

FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY
2014 MAY -5 PM 3: 37
JOAN M. GILMER
CIRCUIT CLERK

| Judge or Division: MICHAEL D BURTON | Case Number: 14SL-CC00888 |
|---|---|
| Plaintiff/Petitioner: DENNIS SHAFFER | Plaintiff's/Petitioner's Attorney/Address ANTHONY M PEZZANI 13321 NORTH OUTER FORTY RD STE. 300 CHESTERFIELD, MO 63017 |
| vs. | |
| Defendant/Respondent: REES MASILIONIS TURLEY ARCHITECTURE LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 7900 CARONDELET AVE CLAYTON, MO 63105 |
| Nature of Suit: CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: REES MASILIONIS TURLEY ARCHITECTURE LLC
Alias:
4310 MADISON AVE
SUITE 200
KANSAS CITY, MO 64111

SERVE REGISTERED AGENT
CHARLES J SCHMELZER III



COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

07-APR-2014
Date

_____
Clerk

Further Information:
CNM

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

## CORPORATION/PARTNERSHIP – OFFICER/AGENT/PARTNER

I certify that I have served the within summons in Jackson County, Missouri, upon the within named defendant corporation _Rees Masilionis Turley Architecture_, by delivering a copy of the summons and a copy of the petition to _Charles J Schmelzer III_, who said he/she was _RA_.

Place of service: _900 Westport Rd. KcMO_
Date of service: _4-25-14_
Time of service: _12:01 PM_

CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
LEGAL DEPARTMENT
UNIT OF SERVICE & JUDGMENT ENFORCEMENT

By _____
DEPUTY

CIRCT 3032 - - 2/12

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 14-SMCC-3448 1 of 2 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo)

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $___10.00___ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 14-SMCC-3448** 2 of 2 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:14-cv-00915-DW   Document 1-1   Filed 05/22/14   Page 7 of 18

# ENGELMEYER & PEZZANI, LLC

## ATTORNEYS AT LAW

Timothy A. Engelmeyer*
Anthony M. Pezzani

* Also licensed in Illinois

13321 North Outer Forty Road, Suite 300
Chesterfield, MO 63017
Phone: 636-532-9933
Fax: 314-863-7793
www.epfirm.com

Martha S. Peters
Paralegal

Kathy J. Kelley
Legal Assistant

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2014 MAY -5 PM 3:37

JOAN M. GILMER
CIRCUIT CLERK

May 2, 2014

Clerk of the Circuit Court
County of St. Louis
7900 Carondelet
St. Louis, MO 63105

In re: Dennis Shaffer v. Rees Masilionis Turley Architecture, LLC
Cause No.: 14SL-CC00888

Dear Sir or Madame:

Enclosed for filing please find the Return of Service of Summons and Petition reflecting service on Defendant on April 25, 2014.

Please call if you have any questions or require any additional information.

Very truly yours,

Martha S. Peters

MSP
Enclosure



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL D BURTON | Case Number: 14SL-CC00888 |
|---|---|
| Plaintiff/Petitioner:<br>DENNIS SHAFFER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANTHONY M PEZZANI<br>13321 NORTH OUTER FORTY RD<br>STE. 300<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>REES MASILIONIS TURLEY ARCHITECTURE LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: REES MASILIONIS TURLEY ARCHITECTURE LLC
Alias:
4310 MADISION AVE   SERVE REGISTERED AGENT
SUITE 200   CHARLES J SCHMELZER III
KANSAS CITY, MO 64111

**COURT SEAL OF**



**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

07-APR-2014
Date                                        _____ Clerk

Further Information:
CNM

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____   _____
                        Date                  Notary Public

OSCA (7-99) SM30 (SMCC) For Court Use Only: Document ID# 14-SMCC-3448  1 of 2   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

| Sheriff's Fees, if applicable | | |
| --- | --- | --- |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $  10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 14-SMCC-3448** 2 of 2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:14-cv-00915-DW   Document 1-1   Filed 05/22/14   Page 10 of 18

Dennis Shaffer, )
    Plaintiff, ) Cause No.
)
vs. ) Div.
)
Rees Masilionis Turley Architecture, LLC, ) JURY TRIAL DEMANDED
)
Serve: Registered Agent )
    Charles J. Schmelzer, III )
    4310 Madison Ave., Suite 200 )
    Kansas City, MO 64111 )
)
    Defendant. )

## PETITION

**COMES NOW**, Plaintiff Dennis Shaffer (hereinafter "Plaintiff") against Defendant Rees Masilionis Turley Architecture ("Defendant") and states and avers as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(3) as the controversy arises under the laws of the United States. This claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 *et seq.* ("FLSA") and Mo.Rev.Stat. § 290.500 *et seq.* ("MMWL").

2. Plaintiff alleges Defendant violated the FLSA and MMWL for the three years prior to the filing of this lawsuit by refusing to pay Plaintiff overtime and minimum wage as required by the FLSA and MMWL.

3. Venue is proper in this Court pursuant to Mo.Rev.Stat. § 508.010 since Defendant is not a resident of this State, suit may be brought in any county in the State.

4. Plaintiff is an individual that resides in the State of Kansas.



5. Defendant is a Missouri limited liability company organized under the laws of the State of Missouri.

6. Defendant operates as an entity providing architecture and design services.

7. At all times relevant herein, Plaintiff worked for Defendant at its principal place of business located in Kansas City, State of Missouri.

8. At all times relevant herein, Plaintiff was employed by Defendant as a field inspector.

9. Plaintiff was paid by Defendant on a salary basis.

10. At all relevant times herein, during Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours a week.

11. Plaintiff was classified as exempt by Defendant for overtime purposes.

12. During workweeks in which Plaintiff worked in excess of forty (40) hours, the Defendant never paid Plaintiff overtime compensation.

13. Plaintiff's employment with Defendant ended on February 12, 2014.

14. Defendant never paid the Plaintiff for work provided by Plaintiff to Defendant from February 1, 2014 until February 12, 2014.

15. During Plaintiff's employment with the Defendant, Plaintiff earned and was entitled to paid time off.

16. Defendant refused and failed to pay Plaintiff any of the paid time off accrued and earned by Plaintiff during his employment with the Defendant.

17. Plaintiff was not exempt from overtime under any of the exemptions referred to in RSMo. § 290.505(3).

18. At all relevant times herein, Plaintiff did not have the authority to hire and/or fire employees.

19. At all relevant times herein, Plaintiff's suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status was not given particular weight by the Defendant.

20. At all relevant times herein, Plaintiff's primary duty involved non-management activities.

21. At all relevant times herein, Plaintiff did not have any authority to discipline employees.

22. At all relevant times herein, Plaintiff did not perform reviews and/or evaluations of employees' performance.

23. At all relevant times herein, Plaintiff did not set and/or adjust rates of pay for employees.

24. At all relevant times herein, Plaintiff did not plan and/or control the budget for the Defendant.

25. At all relevant times herein, Plaintiff did not monitor or implement legal compliance measures.

26. At all relevant times herein, Plaintiff did not supervise two (2) or more employees.

27. At all relevant times herein, Plaintiff did not design, test, create, or modify computer programs related to machine operating systems.

28. At all relevant times herein, Plaintiff did not design, develop, analyze, create, test or modify computer systems or programs, including prototypes, based on and related to user and/or system design specifications.

29. At all relevant times herein, Plaintiff's duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

30. The employment and payroll records for the Plaintiff are in the exclusive possession, custody and control of Defendant, who is under a duty to maintain the records.

31. Plaintiff demands a trial by jury.

## COUNT I – VIOLATION OF THE FLSA

32. Plaintiff restates paragraphs 1 through 31 as though expressly referenced and included by said reference as though set out in full.

33. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C §216(b) for damages for any and all hours in excess of forty hours in a workweek in which he worked and was not compensated at 1.5 times his regular hourly rate.

34. At all times Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, including the right and entitlement to overtime compensation at the rate of one and one-half (1.5) times his "regular rate" of pay for all overtime hours worked.

35. Plaintiff is entitled to his unpaid overtime compensation, liquidated damages, penalties, interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §207 and 216(b).

36. Pursuant to 29 U.S.C. §207 and §216(b), Defendant is liable to the Plaintiff for the full amount of all unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus reasonable attorneys fees, together with the costs and disbursements of this action.

4

37. Plaintiff is entitled to the unpaid compensation and liquidated damages owed to him/her, and other relief available under the FLSA beginning three years immediately preceding commencement of this action as provided by 29 U.S.C. §§216(b) and 255.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following:

A. A declaratory judgment declaring that Defendant has willfully, recklessly and wrongfully violated its statutory and legal obligations and deprived Plaintiff of his rights, protections and entitlements under federal law, as alleged herein;

B. An order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled;

C. Judgment against the Defendant awarding Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his unpaid compensation, plus interest as allowed by law;

D. Reasonable attorneys' fees;

E. Costs and disbursements of this action; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II – VIOLATION OF MISSOURI'S MINIMUM WAGE LAW
### (Overtime)

38. Plaintiff restates paragraphs 1 through 31 as though expressly referenced and included by said reference as though set out in full.

39. Mo.Rev.Stat. § 290.505 states "[n]o employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

5

40. At all times Plaintiff has been entitled to the rights, protections and benefits provided under the MMWL, including the right and entitlement to overtime compensation at the rate of one and one-half (1.5) times his "regular rate" of pay for all overtime hours worked.

41. During Plaintiff's employment with the Defendant, Plaintiff worked in excess of forty hours in a work week and was not compensated at one and one-half his regular rate of pay for any hours worked in excess of forty hours in a work-week.

42. Plaintiff is entitled to damages pursuant to Mo.Rev.Stat. §290.527.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following:

A. Judgment against Defendant for an amount equal to Plaintiff unpaid compensation;

B. Liquidated damages pursuant to Mo.Rev.Stat § 290.527;

C. All costs and attorneys' fees incurred in the prosecution of these claims;

D. For such other and further relief as this Court deems just and equitable.

## COUNT III – VIOLATION OF MISSOURI'S MINIMUM WAGE LAW
### (Minimum Wage)

43. Plaintiff restates paragraphs 1 through 31 as though expressly referenced and included by said reference as though set out in full.

44. Plaintiff was employed by the Defendant in the State of Missouri.

45. Defendant failed to pay Plaintiff the statutory required minimum wage during each and every week Plaintiff was employed by the Defendant.

46. Defendant failed to pay Plaintiff the statutory minimum wage from February 1, 2014 up to and including February 12, 2014.

47. Plaintiff was damaged as a result of Defendant's actions.

6

Case 4:14-cv-00915-DW   Document 1-1   Filed 05/22/14   Page 16 of 18

48. Plaintiff is entitled to damages pursuant to Mo.Rev.Stat. §290.527.

**WHEREFORE**, Plaintiff prays for a judgment against the Defendant for an amount to be determined at trial, for damages, attorneys' fees and costs pursuant to § 290.527, for interest pursuant to § 408.020, and for such other and further relief as this Court deems just and proper.

## COUNT IV – SUIT FOR WAGES PURSUANT TO § 290.110

49. Plaintiff restates paragraphs 1 through 31 as though expressly referenced and included by said reference as though set out in full.

50. Plaintiff was employed by the Defendant in the State of Missouri.

51. Plaintiff is owed wages from the Defendant for the time period from February 1, 2014 up to February 12, 2014.

52. Plaintiff has made a demand upon the Defendant for the payment of the wages owed.

53. Defendant failed to pay the Plaintiff the wages he is owed within seven (7) days pursuant to Section 290.110 R.S.Mo.

54. Pursuant to Section 290.110, Plaintiff is entitled to the wages earned at the same rate until paid for a period of sixty (60) days.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for an amount to be determined at trial, for plaintiff's costs and attorney's fees incurred herein, interest pursuant to § 408.020, and for such other and further relief as the court deems just and proper.

## COUNT V – QUANTUM MERUIT

55. Plaintiff restates paragraphs 1 through 31 as though expressly referenced and included by said reference as though set out in full.

7

56. Plaintiff provided services to the Defendant at the Defendant's request and/or with the Defendant's acquiescence.

57. Defendant benefited from Plaintiff's services.

58. The services provided by the Plaintiff to the Defendant had a reasonable value.

59. Despite demand for payment, the Defendant has failed and refused to pay the reasonable value of the services.

WHEREFORE, Plaintiff prays for judgment against the Defendant for an amount to be determined at trial, for costs, for interest pursuant to § 408.020 RSMo., and for such other and further relief as the Court deems just and proper.

ENGELMEYER & PEZZANI, LLC

By: _____
Anthony M. Pezzani, #52900
*tony@epfirm.com*
13321 N. Outer Forty Road, Ste. 300
Chesterfield, MO 63017
Phone: 636-532-9933
Fax:    314-863-7793

Attorney for Plaintiff

8