# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into on this 6TH day of May, 2015, by and between Rees Masilionis Turley Architecture, LLC, ("Employer"), and DENNIS SHAFFER ("Shaffer") (collectively, the "Parties").

## Recitals

WHEREAS, Shaffer is not now employed by Employer, and has not been employed by Employer since February 5, 2014;

WHEREAS, after his employment with Employer ended, Shaffer brought suit against Employer, with suit now pending in the United States District Court for the Western District of Missouri, Western Division, Case Number 14-00915-CV-W-DW (the "Action");

WHEREAS, Shaffer alleges in the Action that Employer violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Missouri's minimum wage laws ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq.*, by refusing to pay him overtime compensation when he was employed by Employer during the three years prior the filing of the Action;

WHEREAS, Employer denies that it or its affiliates, subsidiaries, predecessors, agents, or employees are liable, in whole or in part, to Shaffer for any claim relating to the Action; and

WHEREAS, the Parties desire to settle all disputes and claims between them.

NOW, THEREFORE, in consideration of the releases contained herein, the mutual covenants, warranties, representations, promises, and indemnity referred to herein, and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

## Definitions

The following definitions shall apply to and govern the meaning of terms used in this Agreement:



"Released Parties" shall refer to Rees Masilionis Turley Architecture, LLC, and its respective subsidiaries, parent companies, affiliated entities and persons, employees, agents, attorneys, officers, directors, board members, insurers, predecessors, successors, and assigns.

"Releasing Parties" shall refer to Dennis Shaffer and any other person claiming by or through him.

## Agreement

1. **Recitals and Definitions.** The Recitals and Definitions shall be considered material terms of this Agreement.

2. **Payment.** Subject to the terms and conditions of this Agreement, in consideration of the release of all claims set forth in Paragraph 3 below, Employer shall pay the total gross sum of Fourteen Thousand One Hundred Thirty-Three Dollars and Zero Cents ($14,133.00) as set forth below, within fourteen (14) days of issuance of an order from the United States District Court for the Western District of Missouri approving this Agreement. This amount shall be payable as described below:

   (a) Employer shall issue a check, made payable to "Dennis Shaffer," in the gross amount of Four Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($4,666.67), less the statutorily-required payroll deductions that will be withheld by Employer. Shaffer acknowledges that this payment is attributable to back wages and not for active employment, and a Form W-2 will be issued to him reflecting this payment.

   (b) Employer shall issue a check, made payable to "Dennis Shaffer," in the amount of Four Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($4,666.67). Shaffer acknowledges that this payment is attributable to liquidated damages, and a Form 1099 will be issued to him reflecting this payment.

   (c) Employer shall issue a check, made payable to "Engelmeyer & Pezzani,

2

LLC," in the amount of Four Thousand Seven Hundred Ninety Nine Dollars and Sixty Six Cents ($4,799.66) for attorneys' fees and court costs. Shaffer acknowledges that this amount represents attorney's fees and court costs incurred in this Action. The Parties acknowledge that this amount represents attorney's fees and court costs paid on behalf of Shaffer in connection with an action involving a claim of unlawful discrimination, as defined by 26 U.S.C. § 62.

3. **Full and General Release of All Claims Against the Released Parties.** In consideration of the payments referred to in Paragraph 2, the Releasing Parties hereby release, remise, acquit, and forever discharge the Released Parties, to the fullest extent permitted by law, of and from any and all claims, causes of action, damages, attorneys' fees, costs, expenses, and demands of any nature whatsoever, known or unknown, foreseen or unforeseen, including all assertions and claims asserted by the Releasing Parties in the Action against the Released Parties as of the date of this Agreement.

4. **Tax Liability.** Except as otherwise required by applicable law or as otherwise provided herein, Shaffer agrees that he will be exclusively liable for the payment of any taxes, including without limitation, federal, state or local income taxes, social security taxes, or any other taxes, arising out of or resulting from the payments described in Paragraph 2. However, Employer shall be responsible for withholding the statutorily-required payroll deductions and for paying the statutorily-required payroll taxes imposed on employers with respect to the payment described in Paragraph 2(a).

5. **Dismissal With Prejudice**. Upon receipt of the payments identified in Paragraph 2, Shaffer shall notify the Court of receipt of payment within five (5) days, at which time the Parties agree the Court shall dismiss the case with prejudice.

6. **No Contact/Rehire Clause**. Following the date of this Agreement, Shaffer agrees he is ineligible for rehire by Employer and he agrees to cease any and all contact and/or

3

communication with Employer, including its members and employees, as well as Employer's known and existing customers. Shaffer also agrees he will not represent to anyone or on any social media that he is still employed or affiliated with Employer, and he will specifically revise his Linked-In profile (within 5 days of signing this Agreement) so it does not appear he is still employed by Employer. In addition, Employer agrees to cease any and all contact and/or communication with Shaffer.

6. **Warranties.** The Parties hereby warrant and represent that they have reviewed this Agreement in its entirety and that they have had the opportunity to consult with legal counsel of their choice regarding the Agreement. The Parties acknowledge that they have voluntarily entered into this Agreement of their own free will based only upon the terms included in this Agreement. The Parties further warrant that they have full authority to execute this Agreement on behalf of the respective Parties hereto. The Parties also warrant that they have made no assignment of their rights or claims hereunder to any person or entity.

7. **Merger and Bar.** This Agreement contains a complete understanding of the Parties hereto as to the subject matter referred to herein, and this Agreement supersedes all prior representations, negotiations, and communications relating to the same. The Parties have relied wholly upon their own judgment, belief, and knowledge of the nature, extent, and duration of the alleged liability and damages arising out of the Action, and no representations or statements regarding any such damages or regarding any other matters made by any of the Parties, or by any individual or entity representing any of the Parties, has influenced the Parties to any extent whatever in making this Agreement.

8. **Entire Agreement and Modification.** The Parties agree that this writing constitutes the entire agreement between the Parties and that this Agreement supersedes all prior written and oral understandings, representations, warranties and agreements of the Parties,

4

Case 4:14-cv-00915-DW   Document 35-1   Filed 06/01/15   Page 4 of 6

whether consistent or inconsistent with the terms hereof. The Parties further agree that this Agreement may not be modified without the express written consent of all Parties hereto.

9. **Construction of the Agreement.** This Agreement is the result of the efforts of all Parties hereto, and shall not be construed as having been drafted by any particular party to the Agreement.

10. **Denial of Liability.** The Parties agree that this Agreement does not constitute, nor shall it be construed as, an admission of any liability or wrongdoing by any person or entity.

11. **Costs and Attorneys' Fees.** Except as provided herein, each party will bear their own costs and attorneys' fees with relation to the Action and this Agreement.

12. **Applicable Law.** The Parties hereto agree that the interpretation and enforcement of this Agreement shall be governed by the laws of the State of Missouri.

13. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original. The original signature pages shall have an acknowledgement from each Party and may be attached to copies of this Agreement to form one integrated instrument, reflecting the signatures and acknowledges of the Parties.

**CAUTION - THIS IS A RELEASE, PLEASE READ BEFORE SIGNING.**

Date: _____    _____
                                  DENNIS SHAFFER


Date: 5·6·2015    *Conrad C. Hymes II*
                  Rees Masilionis Turley Architecture, LLC

                  Name: CONRAD C. HYMER II
                  Title: MEMBER (PARTNER)

5

whether consistent or inconsistent with the terms hereof. The Parties further agree that this Agreement may not be modified without the express written consent of all Parties hereto.

9. **Construction of the Agreement.** This Agreement is the result of the efforts of all Parties hereto, and shall not be construed as having been drafted by any particular party to the Agreement.

10. **Denial of Liability.** The Parties agree that this Agreement does not constitute, nor shall it be construed as, an admission of any liability or wrongdoing by any person or entity.

11. **Costs and Attorneys' Fees.** Except as provided herein, each party will bear their own costs and attorneys' fees with relation to the Action and this Agreement.

12. **Applicable Law.** The Parties hereto agree that the interpretation and enforcement of this Agreement shall be governed by the laws of the State of Missouri.

13. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original. The original signature pages shall have an acknowledgement from each Party and may be attached to copies of this Agreement to form one integrated instrument, reflecting the signatures and acknowledges of the Parties.

**CAUTION - THIS IS A RELEASE, PLEASE READ BEFORE SIGNING.**

Date: 5/6/15      _____
                  DENNIS SHAFFER

Date: 5-6-2015    Conrad C. Hymes II
                  Rees Masilionis Turley Architecture, LLC

                  Name: CONRAD C. HYMER II