IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS SHAFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-00915-CV-W-DW |
| | ) | |
| REES MASILIONIS TURLEY | ) | |
| ARCHITECTURE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the parties' Joint Motion for Approval of Settlement (Doc. 34), Memorandum in Support (Doc. 35), and proposed Settlement Agreement and Release (Doc. 35-1). For the following reasons, the Court concludes that the motion should be GRANTED.

**I. BACKGROUND**

Plaintiff originally filed this action in the Circuit Court of St. Louis County, Missouri. The Petition alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime compensation when he was employed by Defendant. Therafter, Defendant removed the action to federal court. On May 8, 2015, the parties moved for approval of their Settlement Agreement and Release (the "Agreement"). The Court denied the first motion because the parties did not provide the Agreement for review. The parties have now included a copy of the Agreement and request approval of its terms.

**II. DISCUSSION**

"Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees." Dail v.

George A. Arab Inc., 391 F. Supp. 2d 1142, 1145 (M.D. Fla. 2005). In order to ensure protection of the nation's workers, Congress mandated that the FLSA's provisions are not subject to negotiation or bargaining. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). The FLSA does, however, provide two ways in which claims can be settled by employees. First, 29 U.S.C. § 216(c) provides that an employee may waive his right to bring suit for unpaid wages if the employer pays the back wages owed in full under the supervision of the Secretary of Labor. Copeland v. ABB, Inc., 521 F.3d 1010, 1014 (8th Cir. 2008). An FLSA claim may also be settled through court approval of the settlement agreement. Id. (citing Lynn's Food Stores, Inc., 679 F.2d at 1353).

Where the parties seek approval of a settlement, the court must find that the litigation involves a bona fide wage and hour dispute and the settlement constitutes a fair and equitable compromise. Stewart v. USA Tank Sales & Erection Co., No. 12-05136-DGK, 2014 U.S. Dist. LEXIS 27560 at *3 (W.D. Mo. Mar. 4, 2014). Courts reviewing FLSA settlements for fairness consider various factors, including:

> 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel who have represented the plaintiffs; 5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and 6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

Moore v. Ackerman Inv. Co., No. 07-3058-MWB, 2009 U.S. Dist. LEXIS 78725, at *6 (N.D. Iowa Sept. 1, 2009). The court should also consider whether any award of attorneys' fees is fair and reasonable and whether the settlement contains impermissible provisions regarding waiver and confidentiality. Id. at *9; Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010).

### A. Analysis of Settlement

The Court finds that the litigation involves a bona fide wage and hour dispute between Plaintiff and Defendant over alleged unpaid overtime wages under the FLSA. As to the fairness of the settlement, counsel state in the motion that settlement resulted after review of information and documents provided by Defendant. Thus, the Court finds that the parties engaged in substantial discovery before settling. Second, at this stage in the proceedings, after mediation and conducting negotiations, the parties faced significant additional time and expense if they were to continue this litigation. Regarding the third factor, the Court finds no evidence of fraud or collusion. Fourth, the Court finds that Plaintiff's attorney is experienced in this area and has represented other plaintiffs in previous wage and hour employment actions. Plaintiff and his counsel state that they consider the terms of the settlement to be fair and reasonable. As for Plaintiff's chances of success as compared to the amount of the settlement, the settlement amount represents 75% of the alleged unpaid overtime hours claimed. Defendant disputes Plaintiff's claims and would have defended on the basis that Plaintiff was properly classified as exempt. Thus, the Court finds the settlement is reasonable based on the possibility of success weighed against the risks and costs of continued litigation. Based on the foregoing, the Court concludes that the settlement constitutes a fair and equitable compromise of the parties' dispute. Further, the Court finds no impermissible provisions regarding waiver and confidentiality in the settlement.

### B. Attorney's Fees

The court also has a duty to scrutinize the amount of attorney's fees in the proposed settlement to ensure that the fees are reasonable. Dees, 706 F. Supp. 2d at 1243; Moore, 2009 U.S. Dist. LEXIS 78725 at *9. A court may reduce an amount of attorney's fees that is

unreasonable, even if the fees are based on a contingency agreement between plaintiff and counsel. <u>Silva v. Miller</u>, 307 Fed. App'x 349, 351-52 (11th Cir. 2009).

Pursuant to the Settlement Agreement, the parties propose that Defendant will pay a total of $14,133.00, and of that amount, Plaintiff's attorney will receive $4,666.67 in fees plus court costs pursuant to an agreement between Plaintiff and counsel. Further, in the motion, Plaintiff's counsel asserts he has spent 35.7 hours in this matter, at the effective rate of $300.00 per hour. The Court finds the time spent and hourly rates to be fair and reasonable, and therefore finds the proposed settlement amount of $4,666.67 in attorney's fees and costs to be fair and reasonable.

### III. CONCLUSION

Based on the foregoing, the Court approves the parties' Settlement Agreement and Release. Accordingly, it is ORDERED that:

1. The parties' Joint Motion for Approval of Settlement (Doc. 34) is GRANTED;
2. The parties' Settlement Agreement and Release is approved; and
3. Per the terms of the Agreement, Plaintiff shall file a stipulation of dismissal with prejudice within five (5) days of receipt of payment under the Agreement.

SO ORDERED.

Date: June 4, 2015  /s/ Dean Whipple
Dean Whipple
United States District Judge